UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SANDS,<br><br>                    Plaintiff,<br><br>- against -<br><br>FANDANGO MEDIA, LLC<br><br>                    Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steve Sands ("Sands" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Fandango Media, LLC, ("Fandango" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of actors Jesse Eisenberg and Kristen Stewart on the set of Woody Allen's film Café Society, owned and registered by Sands, a New York City based photojournalist. Accordingly, Sands seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Sands is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 568 Grand Street, Apt. J903, New York, New York 10002. Sands' photographs have appeared in many publications around the United States.

6. Upon information and belief, Fandango is a corporation duly organized and existing under the laws of the State of Virginia, with a place of business at 12200 West Olympic Blvd. Suite 150, Los Angeles, CA 90064. Upon information and belief, Fandango is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Fandango has owned and operated a website at the URL: www.Movies.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. Sands photographed actors Jesse Eisenberg and Kristen Stewart on the set of Woody Allen's new film Café Society (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Sands is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-009-612.

**B.  Defendant's Infringing Activities**

10.     Upon information and belief, on or about March 30, 2016, Fandango ran an article on the Website entitled *Movie News: Badass New "Ghostbusters' Image: Kristen Stewart's Café Society' to Open Cannes Film Festival*. See http://www.movies.com/movie-news/movie-news-badass-new-39ghostbusters39-image-kristen-stewart39s-39cafe-society39-to-open-cannes-film-festival/20353. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

11.     Fandango did not license the Photograph from Plaintiff for its article, nor did Fandango have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST FANDANGO)**
**(17 U.S.C. §§ 106, 501)**

12.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13.     Fandango infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Fandango is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15.     Upon information and belief, the foregoing acts of infringement by Fandango have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST FANDANGO
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

19. Upon information and belief, in its article on the Website, Fandango intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

20. The conduct of Fandango violates 17 U.S.C. § 1202(b).

21. Upon information and belief, Fandango's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

22. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Fandango intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Fandango also knew, or should have known, that such falsification, alteration

and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

23. As a result of the wrongful conduct of Fandango as alleged herein, Plaintiff is entitled to recover from Fandango the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Fandango because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

24. Alternatively, Plaintiff may elect to recover from Fandango statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Fandango be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph.

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. §1202(b);

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
January 23, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Steve Sands*